362 P.2d 505

Henry A. MYLANDER, Walter C. Mylander, Jr., Mathilde M. Hebb, Harriet M. Maling, Elmer L. Mylander, A. Wilbur Mylander, William F. Mylander, Clara A. Mylander and Mary R. Mylander, Plaintiffs-Appellants,

v.

Murray E. MORGAN, Commissioner of Public Lands, State of New Mexico, Defendant-Appellee.

No. 6710.

Supreme Court of New Mexico.

June 2, 1961.

R. J. Matteucci, Avelino V. Gutierrez, Albuquerque, for appellants.

William O. Jordan, Sp. Asst. Atty. Gen., for appellee.

CHAVEZ, Justice.

Appellants, plaintiffs below, as heirs of Dora Mylander and Kate Mylander, on July 21, 1958, filed an application for an order to show cause, directed against appellee, Murray E. Morgan, Commissioner of Public Lands of New Mexico, asking that appellee show cause why appellants' leasehold interest embracing 160 acres in state oil and gas lease number B–9320 should not be recognized. Lease B–9320 was issued on September 29, 1941, to one A. H. Palmer and assigned by said Palmer on October 8, 1941, to Dora and Kate Mylander. Said assignment contained all of the lands covered in the original lease containing 2000.92 acres. The lands involved in this proceeding are as follows: SE¼SW¼, Sec. 2, T. 26 N., R. 11 W., NW¼SW¼, SE¼SE¼, Sec. 32, T. 26 N., R. 11 W., NE¼NW¼, Sec. 16, T. 27 N., R. 12 W., N.M.P.M. The order to show cause issued and appellee filed answer denying the material allegations of the complaint and raised certain legal defenses. The case was heard on its merits and at the conclusion of appellants' case in chief, the trial court granted appellee's motion to dismiss. The trial court made findings of fact and conclusions of law and

entered an order dismissing appellants' complaint. From said order of dismissal, appellants took this appeal.

The parties stipulated that oil and gas lease number B–9320 dated September 29, 1941, containing 2000.92 acres, was issued to one A. H. Palmer for a period of ten years and so long as oil or gas, or either of them, was produced from said premises; that said lease was assigned by Palmer to Dora and Kate Mylander; that Kate Mylander died and her interest in the lease passed to Dora Mylander as the sole heir and devisee of Kate Mylander; (that part of the finding "that Kate Mylander died" is undoubtedly in error as it was Dora Mylander who died and her interest passed to Kate Mylander); that thereafter Kate Mylander was declared an incompetent and one Thomas A. King was appointed as her guardian; that Thomas A. King, guardian, assigned a portion of the land contained in lease B–9320 to Slick-Moorman Oil Company; that thereafter on July 29, 1949, Slick-Moorman Oil Company committed the assigned lands to the Huerfano Unit Area; that Thomas A. King, guardian, also signed the same unit agreement committing the retained royalty; that the Huerfano Unit Area Agreement was approved on September 20, 1949, by the New Mexico Oil Conservation Commission, on September 26, 1949, by the Commissioner of Public Lands, and on June 6, 1950, by the U. S. Geological Survey, to be effective beginning July 1, 1950; that after some correspondence between appellants' attorney and the State Land Office in August and September, 1951, with reference to the possibility of obtaining an extension of lease B–9320, appellee permitted appellants to relinquish all acreage in lease B–9320 in the non-restricted area and appellants received a new ten-year lease on said acreage, but appellee refused to allow appellants to acquire a new lease on the acreage in the restricted district, a portion of which restricted acreage is the subject of this action; that said acreage is presently listed as open acreage upon the records of appellee and is unleased, although it was advertised for sale at public auction but withdrawn at the request of appellants; that no well capable of producing oil or gas, or either of them, in commercial quantities was drilled upon any of the 2000.92 acres contained in lease B–9320, or any assignment thereof, prior to September 29, 1951; that appellee, by letter of April 21, 1958, advised appellants that the lease had expired by its own terms and refused to reinstate the lease as to the acreage in question.

The unit agreement for the development and operation of the Huerfano Unit Area, County of San Juan, State of New Mexico, was entered into on July 29, 1949, and embraced 63,122.05 acres, more or less.

The pertinent findings of fact made by the trial court were that a portion of the land covered in lease B–9320, together with other lands, was committed to the Huer-

fano Unit Agreement; that the secondary term of said lease expired on September 29, 1951, unless extended by production of oil or gas in paying quantities from some portion of the lands covered by said lease; that the lands in issue in this case covered by lease B–9320 were not committed to the Huerfano Unit Agreement; that there was no production of oil or gas in paying quantities from any part of the leased premises, or from any part of the lands comprising the Huerfano Unit Area on or prior to September 29, 1951; that shortly prior to September 29, 1951, appellants surrendered a portion of the lands in lease B–9320 and received a new ten-year lease on said lands which were unrestricted lands; that on September 29, 1951, appellee refused to issue to appellants a new lease as to the lands involved herein, which lands were restricted lands; that more than sixty days, and in fact more than six years, elapsed after appellee's refusal to issue to appellants new leases on the lands involved in this case and before the filing of this suit.

Appellants' point I contends that the court erred in its conclusion of law number 3, that the terms of the Huerfano Unit Agreement did not extend to lands in lease B–9320 outside of the unit area.

Under point II, appellants argue that the court erred in its conclusion number 2, that lease B–9320 was not extended beyond September 29, 1951, because there was no production of oil or gas in paying quantities prior to such time within the leased premises, or the Huerfano Unit Area.

Appellants, under point III, contend that the trial court erred in its conclusion number 4, that the action was barred by the statute of limitations.

The questions presented under points I and II of this case are the same questions presented in the case of Hickman v. Mylander, 1961, N.M., 362 P.2d 500, and accordingly, on the authority of the pronouncements made in the above case, the judgment in this case is correct and should be affirmed.

In view of our disposition of this case under points I and II, it becomes unnecessary to consider the matter raised under appellants' point III.

Finding no error in the record, the judgment of the district court is affirmed.

It is so ordered.

COMPTON, C. J., and CARMODY and MOISE, JJ., concur.

NOBLE, J., not participating.